UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TOBIAS DIGGS | No. 18 CR 185-1<br><br>Hon. Elaine E. Bucklo |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
FOR REDUCTION OF SENTENCE**

Defendant, Tobias Diggs, filed a *pro se* motion under 18 U.S.C. § 3582(c)(2) seeking a reduced sentence based on Part A, Part B, and Part C of Amendment 821 to the Sentencing Guidelines. The government opposes this motion because Amendment 821 does not apply to the defendant. More specifically, (1) defendant did not receive any status points at the time of his sentencing; (2) defendant was not a "zero point" offender at the time of his sentencing as he correctly received two points for a prior conviction and sentence for burglary; and (3) defendant did not receive any criminal history points for a marijuana conviction nor does he have any prior misdemeanor convictions close to ten years prior to the offense of conviction. Accordingly, defendant's motion should be denied.[1]

---

[1] Under Northern District of Illinois General Order 23 – 0043, the Federal Defender Program for the Northern District of Illinois has been appointed generally for all cases arising in this district under 18 U.S.C. § 3582 where the defendant desires appointment of counsel and financially qualifies for such appointment. The court ordered the government to answer this motion and as of this writing, no attorney has entered and appearance on behalf of Mr. Diggs in this case.

## BACKGROUND

On March 22, 2018, defendant, along with two co-defendants were charged in a four count indictment with conspiracy to commit a Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951(a) (Count One), Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951(a) and 2, (Count Two), possession of a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A) and 2, (Count Three), and transporting $5,000 or more of stolen goods in interstate commerce, in violation of Title 18, United States Code, Section 2314 (Count Four). R. 1. On October 22, 2020, after a six-day trial, a jury found defendant guilty on all counts of the indictment. R. 221, 222.

In its December 10, 2020 Presentence Investigation Report (PSR), the Probation Office calculated the defendant's criminal history points. More specifically, defendant was found to have two criminal history points, putting him in criminal history category II. The two points were from an August 24, 2017 conviction and sentence for burglary out of Cook County, Illinois. PSR, ¶ 70. Defendant was not given any criminal history points for any misdemeanor convictions ten years prior to the instant offense or marijuana possession nor under Guideline §4A1.1(d) for committing the offense while under a criminal justice sentence.

After acceptance of responsibility, the Probation Office determined that the total offense level was 31, which when combined with a criminal history category of

II, resulted in an advisory Guideline range of 121 to 151 months to be given consecutive to a mandatory minimum of 84 months resulting from the jury finding that the defendant brandished a firearm in relation to the guilty verdict on Count Three. PSR, ¶¶ 124-125.

On March 3, 2022, at the defendant's sentencing hearing, the Court disagreed with the sentencing guideline range set out by the Probation office. R. 329, 330. Under the Court's calculations, the criminal history category remained unchanged, but the total offense level was found to be 27, which resulted in an advisory guideline range of 78 to 97 months' imprisonment to be served consecutive to an 84-month term of imprisonment pursuant to the jury's finding under Count Three. R. 333, 334. The defendant was sentenced to a below guidelines range sentence of 48 months on Counts One, Two, and Four concurrently, to run consecutive to a mandatory minimum sentence of 84 months on Count Three, for a total sentence of 132 months' imprisonment. *Id.* Defendant is currently serving his sentence at the Federal Correctional Institution at Edgefield in South Carolina, and his projected release date is November 23, 2026.

On January 30, 2024, defendant filed a *pro se* motion for a sentence reduction under Part A, Part B, and Part C of Amendment 821 to the Sentencing Guidelines. R. 354. In his motion, defendant merely laid out Amendment 821, but offered no analysis as to why he believed he was entitled to relief under the Amendment. As

3

none of the parts of Amendment 821 apply to defendant, he is not entitled to relief and his motion should be denied.

## DISCUSSION

### I. The Guideline Amendment

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise presents 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise presents 6 criminal history points or fewer receives no status points.

On August 24, 2023, the Commission decreed that this change applies retroactively. The Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added what now appears in Section 4A1.1(c), providing a 2-offense-level reduction for many offenders who present zero criminal history points. The new provision states:

> § 4C1.1. Adjustment for Certain Zero-Point Offenders

4

(a) ADJUSTMENT.—If the defendant meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.C. § 4A1.1(c) (Nov. 1, 2023).

In Part C to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission clarified the "downward departures" provision to state:

"Downward Departures.—

(A) Examples.—A downward departure from the defendant's criminal history category may be warranted based on any of the following circumstances:

   (i) The defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period.
   (ii) The defendant received criminal history points from a sentence for possession of marihuana for personal use, without an intent to sell or distribute it to another person.

(B) Downward Departures from Criminal History Category I.—A departure below the lower limit of the applicable guideline range for Criminal History Category I is prohibited under section (b)(2)(A), unless otherwise specified.".

Part of the reasoning for this portion of the amendment was to recognize the "changing legal landscape as it pertains to simple possession of marihuana offenses."

## II. Defendant's Motion

Defendant presents the current motion pursuant to 18 U.S.C. § 3582(c)(2), that provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, including Part A of Amendment 821, and articulated the proper procedure for implementing those amendments.

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 821. The Court required district courts to follow a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, §1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Ibid.*
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, §1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. §1B1.10(b)(2)(A). . . .
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon*, 560 U.S. at 827.

Consistent with these rules, defendant is not eligible for a reduction in sentence, under any part of Amendment 821, and his motion fails at the first step. Section 1B1.10(a)(2) provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not

7

authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." That is the situation here.

Defendant is not eligible for relief under Part A to Amendment 821. In this case, defendant was not assessed any "status points" pursuant to the former Guideline § 4A1.1(d) because he had not committed the instant offense while under a criminal justice sentence. As such, there would be no change to defendant's criminal history category (II). Accordingly, defendant is ineligible for relief under § 3582(c)(2) and Part A of Amendment 821 to § 4C1.1, and his motion should be denied.

Additionally, defendant is not eligible for relief under Part B of Amendment 821 for at least three reasons. First, the amendment requires "the defendant did not receive any criminal history points from Chapter Four, Part A." At sentencing defendant was assessed two criminal history points for burglary. Second, the amendment requires that "the defendant did not use violence or credible threats of violence in connection with the offense." As was proven at trial, the defendant and his co-defendants ran into Razny Jewelry armed with firearms, handcuffed, pistol-whipped, and dragged victims by their hair to other locations of the store, while robbing the store of over $400,000 of jewelry. Before locking an employee in a bathroom, another robber told an employee that he would kill her if she exited the bathroom. Additionally, in attempting to escape the robbery, defendant held a firearm to the head of an employee of an adjacent restaurant and forced that person

to show the robbers the exit. PSR at 5-7. Third, the amendment requires ""the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." As stated above, defendant possessed, brandished, and used his firearm while robbing Razny Jewelry. *Id.* Accordingly, defendant is ineligible for relief under § 3582(c)(2) and Part B of Amendment 821 to § 4C1.1, his offense level remains unchanged (27), and his motion should be denied.

Finally, in regard to Part C of Amendment 821, the defendant does not qualify as he was not given any criminal history points for any misdemeanor convictions that had taken place within 10 years prior to the instant event. Nor was he given any criminal history points for any prior marijuana convictions. PSR at 13-17. Accordingly, defendant is ineligible for relief under § 3582(c)(2) and Part C of Amendment 821 to § 4C1.1, and his motion should be denied.

For these reasons, the government respectfully requests that this Court deny defendant's motion for a reduction in sentence.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney
Northern District of Illinois

By: */s/ Albert Berry III*
    Albert Berry III
    Assistant United States Attorney
    219 South Dearborn St., Rm. 500
    Chicago, Illinois 60604
    (312) 353-5300